**WEINER LAW GROUP LLP**
Attorneys for Plaintiffs
629 Parsippany Road
Parsippany, New Jersey 07054
(973) 403-1100

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE ONLI CORPORATION, DHRYL ANTON, and MICHAELA KATHRENS ANTON, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS GRIFFIN, <br><br> Defendant. | Civil Action No. 2:26-cv-07916 <br><br> **ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS** |

**THIS MATTER** having been opened to the Court by Weiner Law Group LLP, attorneys for Plaintiffs The Onli Corporation, Dhryl Anton, and Michaela Kathrens Anton (collectively, "Plaintiffs"), upon Plaintiffs' application for a temporary restraining order and an order to show cause why a preliminary injunction should not issue, pursuant to Federal Rule of Civil Procedure 65; and the Court having considered Plaintiffs' Verified Complaint, Plaintiffs' Memorandum of Law in support of the application, the Declarations submitted in support thereof, and the exhibits annexed thereto; and for good cause shown:

IT IS on this _____ day of _____, 2026,

**ORDERED** as follows:

1. Defendant Thomas Griffin shall appear and **SHOW CAUSE** before the Honorable _____, United States District Judge, at the United States District Court for the District of New Jersey, _____ Vicinage, Courtroom

1

_____, on _____, 2026, at _____ __.m., or as soon thereafter as counsel may be heard, why an Order should not be entered, pursuant to Federal Rule of Civil Procedure 65(a), granting a preliminary injunction that enjoins Defendant, and all persons acting in concert or participation with him, during the pendency of this action and upon the same terms as the temporary restraints set forth in Paragraph 2 below;

1. **PENDING** the hearing and determination of Plaintiffs' application for a preliminary injunction, and pending further order of this Court, Defendant Thomas Patrick Griffin, and all those acting in concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby **TEMPORARILY RESTRAINED AND ENJOINED** as follows:

   a. **Trademark.**  Defendant is enjoined from using the Onli mark (U.S. Trademark Registration No. 5,932,330), the "Onli" name, or any colorable imitation or confusingly similar variation thereof, in connection with any website, social-media account, channel, page, or profile, or otherwise to represent, suggest, or imply that Defendant, or any account, channel, page, or profile that he controls, is affiliated or connected with, associated with, or sponsored or approved by, the Onli Corporation;

   b. **Impersonation.**  Defendant is enjoined from creating, operating, or maintaining any account, channel, page, or profile that purports to be The Onli Corporation or any officer, executive, or employee of Onli, and from otherwise using the name, likeness, photograph, or biographical information of Dhryl Anton, Michaela Kathrens Anton, or any other Onli officer or employee in any content, communication, or media posted or transmitted online;

2

c. **Domains.** Defendant is enjoined from registering, using, trafficking in, offering to sell, selling, or transferring any domain name that incorporates the Onli trademark or the name of any Plaintiff or any Onli officer or executive, including without limitation onlitoken.com, dhrylanton.org, and katherineanton.com, and any other such domain identified in the Verified Complaint or the papers submitted in support of this application; and Defendant shall preserve those domain names and the associated registrar accounts and is prohibited from transferring, selling, relinquishing, or permitting the lapse of any such domain name to or in favor of anyone other than the respective Plaintiff, pending further order of the Court;

d. **Fake Accounts and False Statements.** Defendant shall immediately disable the counterfeit "Dhryl Anton" YouTube channel, the counterfeit Onli LinkedIn company page, the counterfeit "Dhryl Anton" LinkedIn profile, and any other account, channel, page, or profile within his possession, custody, or control that purport to belong to or otherwise be sponsored by or affiliated with Plaintiffs and shall take all steps reasonably within his power to remove them; Defendant is further enjoined from knowingly making, publishing, or disseminating any false statement of fact (including AI-generated content created at Defendant's direction) concerning any Plaintiff;

e. **Private Information and Harassment.** Defendant is enjoined from publishing, posting, transmitting, disseminating, or otherwise using the home address, personal contact information, financial-account information, photographs, or other private personal information of Dhryl Anton, Michaela Kathrens Anton, any Onli officer or employee, or any immediate family members of the aforementioned individuals;

3

f. **Computer Systems and Misappropriated Information.** Defendant is enjoined from accessing or attempting to access, without authorization, any computer, computer system, computer network, or online account of the Onli Corporation, including its GitHub repositories and organization; from using, transmitting, publishing, or disclosing any password, credential, "secret," or other confidential information obtained or derived from Onli's computer systems; and from making any further threat or demand for payment in relation to such access or information; and Defendant shall identify and return to Plaintiffs, and shall not destroy, any such credential, secret, or confidential information within his possession, custody, or control;

g. **Preservation.** Defendant shall preserve, and is prohibited from deleting, destroying, transferring, concealing, or altering, the copied or scraped Onli materials and any files, data, records, devices, metadata, or communications concerning Plaintiffs or the claims asserted against him in this action, unless and until those materials have been produced to Plaintiffs; and

h. **Threats and Safety.** Defendant is enjoined from making, communicating, or causing to be communicated any threat of violence or bodily harm against any Plaintiff or any Onli officer, employee, or immediate family member, and from committing, soliciting, procuring, encouraging, or facilitating, whether directly or through any third party, any act intended to cause physical harm to, or to place in reasonable fear for the physical safety of, any such person;

2. The temporary restraints set forth in Paragraph 2 shall take effect immediately upon the entry of this Order and shall remain in full force and effect pending the hearing on this Order to Show Cause and further order of this Court;

4

3. A copy of this Order to Show Cause, together with the Verified Complaint and all papers submitted in support of Plaintiffs' application, shall be served upon Defendant on or before _____, 2026, by (a) electronic mail to Defendant's known electronic-mail address (tom@thegrif.net); and (b) overnight delivery to Defendant's last known residential address; and the Court finds that such service shall constitute good and sufficient notice of this Order and of the hearing hereon, pursuant to Federal Rule of Civil Procedure 65(b);

4. Any papers in opposition to the entry of a preliminary injunction shall be filed with the Court and served upon Plaintiffs' counsel on or before _____, 2026;

5. Any reply papers in further support of the application shall be filed and served on or before _____, 2026;

6. Plaintiffs shall file proof of service of this Order and the papers submitted in support of the application on or before _____, 2026;

7. The hearing on this Order to Show Cause may proceed by videoconference or by telephone, at the Court's direction; and

8. Pursuant to Federal Rule of Civil Procedure 65(c), the Court finds that the balance of the equities weighs overwhelmingly in Plaintiffs' favor, that the temporary restraints enjoin only conduct in which Defendant has no legitimate interest, and that Defendant faces no measurable risk of harm or monetary loss from compliance with this Order; accordingly, no security shall be required as a condition of the temporary restraints granted herein.

**SO ORDERED.**

_____
Hon. _____, U.S.D.J.

Dated: _____, 2026