Thomas Griffin
Defendant, Pro Se
76 Oakwood Village, Apartment 6
Flanders, NJ 07836
(201) 259-8860
tom@thegrif.net

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE ONLI CORPORATION, DHRYL ANTON, and MICHAELA KATHRENS ANTON,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS GRIFFIN,<br><br>Defendant. | Civil Action No. 2:26-cv-07916 (JKS) (SDA)<br><br>Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Stacey D. Adams, U.S.M.J.<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

THIS MATTER having come before the Court on Plaintiffs' application for an order to show cause with temporary restraints (ECF No. 2), converted into a motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a) pursuant to Paragraph 8 of the Consent Order With Temporary Restraints entered July 27, 2026 (ECF No. 11); and the Court having considered Plaintiffs' Verified Complaint and exhibits (ECF Nos. 1, 1-1), Plaintiffs' Memorandum of Law (ECF No. 2), Defendant's Brief in Opposition, the Declaration of Thomas Griffin with Exhibits 1 through 13, and any reply; and for the reasons stated in the Court's accompanying opinion or on the record; and for good cause shown;

IT IS on this ___ day of ______________, 2026,

ORDERED that Plaintiffs' motion for a preliminary injunction (ECF No. 2, as converted under ECF No. 11 ¶ 8) is DENIED; and it is further

ORDERED that, notwithstanding Paragraphs 4 and 8 of the Consent Order (ECF No. 11), that Order shall remain in full force and effect on its existing mutual terms until October 25, 2026, or such later date as the Court may order.

______________________________
HON. JAMEL K. SEMPER
UNITED STATES DISTRICT JUDGE

Thomas Griffin
Defendant, Pro Se
76 Oakwood Village, Apartment 6
Flanders, NJ 07836
(201) 259-8860
tom@thegrif.net

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE ONLI CORPORATION, DHRYL ANTON, and MICHAELA KATHRENS ANTON,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS GRIFFIN,<br><br>Defendant. | Civil Action No. 2:26-cv-07916 (JKS) (SDA)<br><br>Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Stacey D. Adams, U.S.M.J.<br><br>**[PROPOSED] ALTERNATIVE ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

THIS MATTER having come before the Court on Plaintiffs' application for an order to show cause with temporary restraints (ECF No. 2), converted into a motion for a preliminary injunction under Federal Rule of Civil Procedure 65(a) pursuant to Paragraph 8 of the Consent Order With Temporary Restraints entered July 27, 2026 (ECF No. 11); and the Court having considered Plaintiffs' Verified Complaint and exhibits (ECF Nos. 1, 1-1), Plaintiffs' Memorandum of Law (ECF No. 2), Defendant's Brief in Opposition, the Declaration of Thomas Griffin with Exhibits 1 through 13, and any reply; and for the reasons stated in the Court's accompanying opinion or on the record; and for good cause shown;

IT IS on this ___day of _____________, 2026,

ORDERED that Plaintiffs' motion for a preliminary injunction (ECF No. 2, as converted under ECF No. 11 ¶ 8) is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that, pending final judgment or further order of the Court, Defendant Thomas Griffin, and all those acting in concert or participation with him who receive actual notice of this Order, are ENJOINED as follows:

(a) Defendant is enjoined from using the Onli mark (U.S. Trademark Registration No. 5,932,330), the "Onli" name, or any colorable imitation or confusingly similar variation thereof, in connection with any website, social-media account, channel, page, or profile, or otherwise to represent, suggest, or imply that Defendant, or any account, channel, page, or profile that he controls, is affiliated or connected with, associated with, or sponsored or approved by, The Onli Corporation;

(b) Defendant shall not create, operate, maintain, reactivate, republish, or recreate any website, account, channel, page, or profile that creates a reasonable likelihood of confusion that it is owned, created, sponsored, or otherwise affiliated with Plaintiffs, including any known officer, executive, or employee of The Onli Corporation. Defendant is further enjoined from making, publishing, or

disseminating any knowingly false statement of fact (including AI-generated content that a reasonable person would interpret as conveying factual information) to any third party that would negatively affect Plaintiffs' reputation, including statements that Plaintiffs are being pursued by law enforcement or that they have committed acts of infidelity;

(c) Defendant is enjoined from registering, using, trafficking in, offering to sell, selling, or transferring to anyone other than Plaintiffs any domain name that incorporates the Onli trademark or the name of any Plaintiff or any Onli officer or executive, and from any knowing action or inaction that would frustrate or prevent the transfer to Plaintiffs of any such domain name he still holds; Defendant shall complete the transfer of the remaining .link domain names to Plaintiffs within seven (7) days after Plaintiffs designate a receiving registrar account;

(d) Defendant is enjoined from publishing, posting, transmitting, disseminating, or otherwise using the home address, personal contact information, financial-account information, photographs, medical records, or any personally identifiable information concerning Plaintiffs, including any known officer, executive, or employee of The Onli Corporation, or any immediate family member of Dhryl

Anton or Michaela Kathrens Anton, that has not already been made public with the consent of the owner of that information or by an independent third party;

(e) Defendant is enjoined from accessing or attempting to access, without authorization, a non-publicly accessible computer system, computer network, or online account of The Onli Corporation, including the use or disclosure of any password, credential, or other such secret information that would allow such access;

(f) Defendant shall preserve, and is prohibited from deleting, destroying, transferring, concealing, or altering, any documents, materials, files, data, records, devices, metadata, or communications concerning Plaintiffs or the claims asserted against Defendant in this action, unless and until those materials have been produced to all other parties;

(g) Defendant is enjoined from making, communicating, or causing to be communicated any threat of violence or bodily harm against Plaintiffs, including any known officer, executive, or employee of The Onli Corporation, or any immediate family member of any such person, and from committing, soliciting, procuring, encouraging, facilitating, or directing, whether directly or through any third party, any act intended to cause physical harm to, or to place in reasonable

fear for the physical safety of, any such person; and Defendant shall direct all communications to Plaintiffs through their counsel of record;

(h) Within seven (7) days after Plaintiffs identify in writing an email address controlled by Dhryl Anton, Defendant shall transfer to that address ownership of the YouTube channel bearing the handle @dhryl or, if Plaintiffs so elect in that writing, shall instead delete the channel after preserving its records; and Defendant shall not, before that transfer or deletion, display on that channel any name, image, or description referring to any Plaintiff;

(i) Nothing in this Order prohibits Defendant from: (1) making statements in pleadings, motions, discovery, or testimony in this or any judicial proceeding that comply with Federal Rule of Civil Procedure 11(b); (2) confidential communications with counsel; (3) making truthful reports to, or responding to inquiries from, law enforcement or government agencies; or (4) making statements compelled by law or court order; and it is further

ORDERED that the motion is DENIED to the extent it seeks the relief described in subparagraphs (b), (d), (e), and (f) of the proposed Order to Show Cause (ECF No. 2-1 at 2–4) beyond the terms set forth above; and it is further

ORDERED that, notwithstanding Paragraphs 4 and 8 of the Consent Order (ECF No. 11), that Order shall not terminate on October 25, 2026, and shall

remain in full force and effect on its existing mutual terms until final judgment or further order of the Court; and it is further

ORDERED that, the restraints entered above being coextensive with terms to which Defendant consented and the Consent Order remaining in force on mutual terms, no security shall be required under Federal Rule of Civil Procedure 65(c).

______________________________
HON. JAMEL K. SEMPER
UNITED STATES DISTRICT JUDGE